UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-02759 |
| | ) | |
| $125,000.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on

information and belief as follows:

## NATURE OF THE ACTION

1.     This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C.

§ 881(a)(6) because the defendant property constitutes proceeds of, or is property used to

facilitate a violation of, the Controlled Substances Act.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil actions commenced by the United States) and § 1355

(district courts have original jurisdiction of any action for forfeiture).

3.     This Court has in rem jurisdiction over the defendant property pursuant to

28 U.S.C. § 1355(b) (forfeiture action can be brought in the district in which any of the acts

giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest

property in the government's possession).

4.      This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a)

and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is

now, and during the pendency of this action will be, found within the Southern District of

Indiana.

## DEFENDANT

5.      The Defendant is One Hundred and Twenty-Five Thousand Dollars and No Cents

("125,000") in United States Currency ("the Defendant Currency").  The Defendant Currency

was taken into custody of the United States Department of Homeland Security, Customs and

Border Protection ("DHS-CBP").

## FACTS

6.      On November 29, 2017, officers from a parcel/bulk cash smuggling interdiction

task force, comprised of the Indiana State Police ("ISP") and the Indianapolis Metropolitan

Police Department ("IMPD"), conducted an interdiction operation at a local Federal Express

shipping facility in Indianapolis.

7.      Parcel/bulk cash smuggling interdiction operations are conducted because it has

become common practice for smugglers to use shipping companies, such as Federal Express, to

transport illegal controlled substances and their proceeds.  Shipping companies provide illegal

controlled substances smugglers with a number of benefits such as faster delivery with

predictable dates, package tracking, and delivery confirmation.  Based on information and

experience, task force officers can identify suspicious packages with a number of indicators,

such as fictitious return addresses, newly bought boxes purchased from the shipping company,

excessive external tape at the box's seams, and shipping labels identifying overnight priority

shipping that is paid for with cash.  Packages involved in this type of smuggling are typically

shipped to or from known source states for illegal controlled substances (*e.g.*, California,

Arizona, Texas) and are often sent from an individual to an individual, a non-business sender to a

non-business receiver, and a residence to a residence

      8.     On November 29, 2017, during the routine parcel/bulk cash smuggling

interdiction, task force officers isolated a suspicious package bearing tracking number

788655893992.  The package was sent from Rudy Green, 149-33 45th Ave., Flushing, NY

11355 to Vince Durant, 3831 Warbler Dr., Antioch, CA 94509.



      9.     Task force officers selected the package for isolation because its appearance met

several of the specific indicators of a package involved in bulk cash and controlled substance

smuggling.  Officers noted that the return address was fictitious.  Further, the package was a

3

newly bought box, sealed with excessive external tape, and had a printed label indicating priority overnight shipping paid for with cash.  Additionally, the package was sent from an individual to an individual, a non-business sender to a non-business receiver, and a residence to a residence.

10.     An IMPD officer and a drug detection canine examined the exterior of the isolated package for the odor of illegal controlled substances.  The canine has been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, and methamphetamine.  A blind search was conducted, where the suspicious package was placed among two similarly sized and shaped, non-suspicious packages.  After this, the canine was brought in to inspect all three packages.  After sniffing each package, the canine gave a positive alert on the suspicious package, while ignoring the non-suspicious packages.

11.     The IMPD officer applied for a search warrant to inspect the interior of the package based on the suspicious indicators identified on the package and the drug detection canine's positive alert.  On November 30, 2017, a Marion County Superior Court Judge for the State of Indiana granted the search warrant upon a determination of probable cause.

12.     IMPD and ISP officers then opened the package.  Inside, there was another new, sealed box which was sealed with extra external tape.  The box contained a soft leather backpack wrapped in plastic.  Inside the backpack were large stacks of United States Currency wrapped in carbon paper.  Carbon paper is regularly used by bulk cash smugglers in attempts to mask the odor of illegal controlled substances.  Additionally, there was no correspondence or document included indicating the purpose of the currency.








13.     The IMPD officer and drug detection canine conducted a second blind search of the suspicious package.  The drug detection canine again gave a positive alert for the presence of the odor of illegal controlled substances on the suspicious package, ignoring the non-suspicious packages.

14.     Several open internet and law enforcement searches have been conducted using the names, addresses, and telephone numbers contained on the air bill.  A number of discrepancies were discovered regarding the information.  For example, Rudy Green's address, 149-33 45th Ave., Flushing, NY 11355, is fictitious.  An open source internet database search using the name, city, and state for the recipient, Vince Durant, found that the address and name did not match.  A search of both telephone numbers on the air bill revealed that neither matched the names associated with them on the air bill.

15.     The Defendant Currency was seized, converted into a cashier's check, and retained in the custody of ISP District 52 pending the issuance of a state turnover order.  On March 6, 2018, a turnover order was issued by a Marion Superior Court Judge for the State of Indiana, and the Defendant Currency was released into the custody of DHS-CBP.

**PERTINENT STATUTES**

16.     Under 21 U.S.C. § 841(a)(1)-(2), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

17.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled

Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United

States, and no property right shall exist in them.

## PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the

Defendant funds are "moneys . . . furnished or intended to be furnished by any person in

exchange for a controlled substance," and/or  "proceeds traceable to such an exchange," and/or

"moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances

Act, 21 U.S.C. §801 *et seq.*]," and are therefore subject to forfeiture to the United States of

America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a

warrant for the arrest of the defendant funds pursuant to Rule G(3)(b)(i) of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given

to all parties to appear and show cause why the forfeiture should not be decreed; that judgment

be entered declaring the defendant property be forfeited to the United States for disposition

according to law; and the United States be granted any relief this Court may deem just and

proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   *s/ Debra G. Richards*
Debra G. Richards
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, William Birkofer, hereby verify and declare under penalty of perjury that I am a Special Agent for United States Immigration and Customs Enforcement, Homeland Security Investigations ("ICE-HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with ICE-HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: _09/04/2018_                     _____

                                              William Birkofer
                                              Special Agent
                                              ICE-HSI

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**DEFENDANTS**

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government
Plaintiff

❑ 3   Federal Question
*(U.S. Government Not a Party)*

❑ 2   U.S. Government
Defendant

❑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Product Liability | | 28 USC 157 | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | Liability | ❑ 367 Health Care/ | | | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Product Liability | | ❑ 830 Patent | ❑ 470 Racketeer Influenced and |
| ❑ 152 Recovery of Defaulted | Liability | ❑ 368 Asbestos Personal | | ❑ 840 Trademark | Corrupt Organizations |
| Student Loans | ❑ 340 Marine | Injury Product | | | ❑ 480 Consumer Credit |
| (Excludes Veterans) | ❑ 345 Marine Product | Liability | | **LABOR** | ❑ 490 Cable/Sat TV |
| ❑ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | Act | ❑ 862 Black Lung (923) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | Relations | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | ❑ 740 Railway Labor Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage | ❑ 751 Family and Medical | | ❑ 895 Freedom of Information |
| | ❑ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❑ 790 Other Labor Litigation | | ❑ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❑ 899 Administrative Procedure |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❑ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | ❑ 950 Constitutionality of |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 446 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration | | |
| | Other | ❑ 550 Civil Rights | Actions | | |
| | ❑ 448 Education | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original
Proceeding

❑ 2  Removed from
State Court

❑ 3   Remanded from
Appellate Court

❑ 4  Reinstated or
Reopened

❑ 5  Transferred from
Another District
*(specify)*

❑ 6  Multidistrict
Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

❑  CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ❑ Yes   ❑ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-02759 |
| | ) | |
| $125,000.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 7th day

of  September, 2018, by Josh J. Minkler, United States Attorney for the Southern District of

Indiana, against One Hundred and Twenty-Five Thousand Dollars and No Cents in United States

Currency ("$125,000.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant

currency into the possession of the United States of America, to be detained in the possession of

the United States until further order of this Court, and you will make return thereon not later than

ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.